# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID JACOBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3695** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "B" (1)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, David Jacobson, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Orleans Parish Criminal Sheriff Marlin Gusman, the Orleans Parish Criminal Sheriff's Department, the City of New Orleans, the "Medical Department," the "Legal Advisor System," and a number of unidentified individuals.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, a number of the defendants are improperly named and, therefore, the claims against them must be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## Orleans Parish Criminal Sheriff's Department, the "Medical Department," and the "Legal Advisor System"

Plaintiff's claims against the Orleans Parish Criminal Sheriff's Department, the "Medical Department," and the "Legal Advisor System" are clearly improper. A parish sheriff's office is not a legal entity subject to suit. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Likewise, the "Medical Department" and the "Legal Advisor System" are not distinct, juridical entities capable of being sued. See Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

1, 2005); Madison v. Orleans Parish Criminal Sheriff's Office, Civ. Action No. 02-2416, 2004 WL 57081, at *2 (E.D. La. Jan. 9, 2004); Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

## Public Defender

Plaintiff indicates that he is dissatisfied with the representation he has received from his public defender in the state criminal proceedings. Plaintiff's claims regarding this issue fail for the following reasons.

To the extent that plaintiff is attempting to assert a claim against his public defender, that claim is actionable only if the public defender is a state actor. See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) ("To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law*.") (quotation marks omitted) (emphasis added). However, it is clear that a public defender is not acting under color of state law when serving as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, plaintiff has failed to state a cognizable § 1983 claim against his public defender.

To the extent that plaintiff is attempting to assert a claim against the director of the public defender's office, that claim fails for two reasons. First, like the public defender, the supervisor is not a state actor and, therefore, cannot be held liable under § 1983. Second, in any event, a supervisory official cannot be held liable under § 1983 for the actions of his subordinates under any theory of vicarious liability. Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2

(E.D. La. Jan. 25, 2008); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

## Remaining Defendants

This Partial Report and Recommendation neither addresses nor affects plaintiff's claims against Orleans Parish Criminal Sheriff Marlin Gusman, the City of New Orleans, or the remaining unidentified defendants. At least at this point, the Court recommends that the claims against those defendants be allowed to proceed pending further review.

## Class Action

The Court also notes that plaintiff has filed a motion requesting that he be allowed to pursue this matter as a class action. Rec. Doc. 12. However, *pro se* litigants should not be allowed to serve as class representatives. As the United States Tenth Circuit Court of Appeals has noted:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); see also Luna v. Kliebert, Civ. Action No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009); Sosa v. Strain, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007). While plaintiff is obviously pursuing this litigation with tenacity and zeal, those traits "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class." Mackenzie v. Local 624, International Union of Operating

Engineers, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); see also Luna, 2009 WL 2175773, at *1 n.1; Sosa, 2007 WL 1521441, at *7.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Orleans Parish Criminal Sheriff's Department, the "Medical Department," the "Legal Advisor System," the unidentified public defender, and the unidentified director of the public defender's office be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that "Plaintiff's Motion for Class Action Certification," Rec. Doc. 12, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of August, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**