U.S. DISTRICT COURT
Eastern District of Louisiana
FILED   SEP 2 1 2009
LORETTA G. WHYTE
         Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID JACOBSON

VERSUS

MARLIN N. GUSMAN, ETAL

CIVIL ACTION NO: 09-3695
DIVISION "B" MAG. "1"
JUDGE IVAN L.R. LEMELLE
MAG. JUDGE SALLY SHUSHAN

## MOTION TO COMPEL DISCOVERY

NOW COMES, DAVID JACOBSON, IN PROPRIA PERSONA PURSUANT TO FED. R. CIV. PRO., RULE 37, REQUESTING AN ORDER COMPELLING DISCOVERY, REQUEST FOR PRODUCTION OF DOCUMENTS, AND ADMISSIONS PROPOUNDED UPON MARK TERRAL AND SAMUEL GORE, ENTITY AGENTS OF MARLIN N. GUSMAN AND DE FACTO DEFENDANTS IN THE OFFICAL CAPICITY SUIT AGAINST THE MUNICIPALITIES THE CITY OF NEW ORLEANS THE ORLEANS CRIMINAL SHERIFFS DEPARTMENT MARLIN N. GUSMAN.

RESPECTFULLY
/s/ DAVID JACOBSON

TENDERED FOR FILING
DATED: 09/16/09
SEP 2 1 2009
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____
___ Doc. No. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

DAVID JACOBSON     NO: CIVIL ACTION 09-3695
                                   SECTION "B" MAG. 1
VERSUS                  HON: IVAN L.R. LEMELLE
                                   MAG. SALLY SHUSHAN

MARLIN N. GUSMAN, ET AL

### MEMORANDUM OF AUTHORITIES AND POINTS IN SUPPORT OF MOTION TO COMPEL

PLAINTIFF FILED A CIVIL RIGHT SUIT PURSUANT TO 42 USC 1983 AND A HEARING WAS HELD ON JULY 15, 2009 PURSUANT TO SPEARS V. McCOTTER, 766 F.2d 179 (5TH CIR 1989).

ON APRIL 10, 2009, PARTIAL REPORT AND RECOMMEDATIONS WERE ISSUED BY HONORABLE SALLY SHUSHAN AND RESPECTFULLY ADOPTED BY HONORABLE IVAN L.R. LEMELLE. CONSEQUENTLY, PLAINTIFF DID MAIL OBJECTIONS HOWEVER, THOSE OBJECTIONS WERE APPEARENTLY NOT RECIEVED. THE ORDER ADOPTING THE R&R WAS ENTERED AUGUST 26, 2009.

1.

PLAINTIFF SERVED DISCOVERY REQUESTS UPON MARLIN GUSMAN, MARK TERRAL, AND SAMUEL GORE TO WHICH THE DEFENDANTS OBJECTED ON AUGUST 31, 2009.

THE DOCKET ENTERIES SHOW A RESPONSE BY MARLIN N. GUSMAN HOWEVER PLAINTIFF IS NOT IN RECIEPT OF ANY RESPONSES DATED FOR AUGUST 31, 2009 ON BEHALF OF SAID PARTY.

THE MATTER IS BEFORE THE COURT PURSUANT TO PLAINTIFFS MOTION TO COMPEL.

## DISCUSSION

THE PLAINTIFF HAS ATTEMPTED TO RESOLVE THIS MATTER WITH DEFENSE COUNSEL PRIOR TO SEEKING THE COURTS ORDER (SEE EXHIBIT A).

IN HIS AMENDED COMPLAINT IS THE ALLEGATIONS THAT THE MUNICIPALITY, MARLIN N. GUSMAN ORLEANS CRIMINAL SHERIFFS DEPARTMENT, IN HIS OFFICAL CAPICITY, ¶ 4, IS A MUNICIPAL ENITITY, A PERSON FOR PURPOSES OF 42 USC 1983. LIKEWISE, THE CITY OF NEW ORLEANS WAS NAMED AS A MUNICIPAL ENITITY, A PERSON FOR LIABILITY.

AT THE CORE OF THE COMPLAINT ARE ALLEGATION THAT: "DEFENDANTS POLICY AND CUSTOMS ARE DELIBERATELY DESIGNED TO DENY ... MEDICATIONS" ¶ 52; "BY FAILING TO HAVE A POLICY OR PROCEDURE IN EFFECT THAT ENSURED MISSED DETAINEES WOULD APPEAR IN COURT ..." ¶ 60; "THE CITY OF NEW ORLEANS ... FAILED TO ENSURE THE MUNICIPALITY OPP HAD MEANINGFUL POLICIES REGARDING ..." ¶ 162; "DUE TO THE CITIES ACTS AND OMISSIONS THE SHERIFFS DEPARTMENT HAS BEEN [UN]ABLE (SIC) TO ENGAGE DE FACTO PROCEDURES THAT ARE ..." ¶ 103; "THE POLICIES AND CUSTOMS HAVE CAUSED DAMAGE ..." ¶ 105; "DESPITE HAVING SPECIFIC KNOWLEDGE OF SAID CONDITIONS, 'DEFENDANTS' HAVE .... FAILED TO PROMULGATE POLICY AND PROCEDURES ... ¶ 135. "... THE MUNICIPAL ... ARE LIABLE NOT IMMUNE FROM SUIT ...." ¶ 140

THE AMENDED COMPLAINT CLEAR PRESENTS A MUNICIPAL ENTITY SUIT. A MUNICIPALITY IS LIABLE UNDER 1983 WHEN A PLAINTIFF CAN DEMONSTRATE THAT THE MUNICIPALITY ITSELF, THROUGH THE IMPLEMENTATION OF A MUNICIPAL POLICY OR CUSTOM, CAUSES A CONSTITUTIONAL VIOLATION <u>MONELL v. NEW YORK CITY DEP'T OF SOCIAL SERVICES</u>, 436 US 658, 691-95, 98 S.Ct 2018, 2036-38, 56 L.Ed 2d 611 (1978),

3.

LIABILITY WILL BE IMPOSED WHEN THE POLICY OR CUSTOM ITSELF VIOLATES THE CONSTITUTION OR WHEN THE POLICY OR CUSTOM, WHILE NOT UNCONSTITUTIONAL ITSELF, IS THE "MOVING FORCE" BEHIND THE CONSTITUTIONAL TORT OF ONE ITS EMPLOYEES. POLK COUNTY V. DODSON, 454 US 312, 102 S.Ct 445, 70 L.Ed 2d 509 (1981).

CONSEQUENTLY, THE "MOVING FORCE", AS ALLEGED IS ALSO SUPPLEMENTED AND COMPLEMENTED BY THE LACK OF SUFFICIENT TRAINING. CITY OF CANTON V. HARIS, 489 US 378, 109 S.Ct 1197, 103 L.Ed 2d 412 (1989).

THE THEORY IS ALSO BASED ON CONTINOUS CAUSATION PLAINTIFFS CONSTITUTIONAL RIGHTS ARE BEING ABRIDGED DAILY, KNOWINGLY, RECKLESSLY, INDIFFERTENTLY, WITH TOTAL DISREGARD FOR DAMAGES SUSTAINED ACCORDING THE AND PURSUANT TO THE MUNICIPALITIES CUSTOMS AND PRACTICES.

THE DEFENDANTS, ALL EMPLOYEES, AGENTS, PERSONAL, ACTING UNDER COLOR OF STATE LAW AND IN ACCORDANCE THE CUSTOM OF THE MUNICIPALITY ABRIDGE PLAINTIFF'S RIGHTS AND CAUSE DAMAGE DAILY. DEATH IS A REASONABLE DAMAGE, OR SERIOUS PHYSICAL INJURY, HIGHLY PROBABLE

4.

LIVING UNDER THIS REGINM.

FOR EXAMPLE ON SEPTEMBER 09, 2009, THE SPECIAL INVESTIGATION DIVISION ENTERED THE HOUSING UNIT FOR A SHAKE DOWN FINDING NO LESS THAN SIX (6) CELL PHONES AND DRUGS INTRODUCED PURPORTEDLY BY STAFF.

PLAINTIFF, CONTRARY TO WOLFF, WAS LOCK DOWN AND THREATENED WITH ASSAULT BY J. TYLER OF SPECIAL INVESTIGATION DIVISION AND PLAINTIFF REMAINS LOCK-DOWN.

AFTER THE SPEARS HEARING PLAINTIFF WAS THREATENED BY STAFF, LOCKED DOWN WITH MAXIMUM SECURITY CONVICTED INMATES (RED BANDS). THE DEFENDANTS ADMITTED THE SAME IN THE GRIEVANCE PROCEDURE - MAJOR SPINNEY CONDUCTED THE STEP II APR INVESTIGATION.

THE DETAINEES "MUST" ARM HIMSELF WITH A SHANK (PRISON KNIFE) TO PROTECT HIMSELF. (SEE ATTACHED AFFIDAVIT). NO WHERE IN THIS INSTITUTION IS IT SAFE. THE DEFENDANTS COLLECTIVELY KNOW THIS AND, USE THIS MALIOUSLY, SADISTICALLY WITH DELIBERATE INDIFFERENCE UNDER AN APPROVED CUSTOM.

5.

DEFENSE COUNSEL, OF COURSE, BEING A SEASONED VETRAIN TO BOTH THE FORTI AND GUSMAN ADMINISTRATIONS WANTS TO CONCEAL THE TRUTH AND SUPRESS DISCOVERY.

TURNING TO <u>MONELL</u> THE COURT NOTED THAT AN OFFICAL CAPACITY SUIT IS GENERALLY ANOTHER WAY OF PLEADING AN ACTION AGAINST AN ENTITY OF WHICH AN OFFICER IS AN AGENT MONELL, <u>SUPRA</u> AT FOOT <u>NOTE 55</u>

THE PLAINTIFF HAS NO OTHER WAY TO PROVE HIS CLAIMS ABSENT DISCOVERY AND TAKES ISSUE WITH THE FACT THE MR. TERREL AND MR. GORE ARE NOT DE FACTO DEFENDANTS.

A SIMULAR CIRCUMSTANCE IMPLICITEDLY WAS PRESENTED IN <u>HARLOW V. FITZGERALD</u>, 457 US 800, 100 S.Ct 2727, 73 L.Ed 2d 396 (1982). HARLOW WAS AFFORDED EXPENSIVE DISCOVERY AND ARGUABLY FAILED TO ADDUCE ANY DIRECT EVIDENCE OF THE WRONGDOING BY FITZGERALD WHO, LIKE THE DEFENDANTS SUB JUDICIA AVER GOOD-FAITH.

FITZGERALD ARGUED A THEORY OF "ABSOLUTE IMMUNITY" BASED ON "DERIVATIVE" IMMUNITY.

6.

THE COURT DISAGREED AND REJECTED THE RATIONAL OF GRAVEL V. UNITED STATES, 408 US 606, 92 S.Ct 2614, 33 L.Ed 2d 583 (1972), BUT THAT RATIONAL IS PERSUASIVE IN PLAINTIFFS PROFFER.

THE PLAINTIFF ESSENTIALLY ARGUES THAT A SUIT AGAINST MARLIN GUSMAN THE ORLEANS CRIMINAL SHERIFFS DEPARTMENT, CITY OF NEW ORLEANS, IS A SUIT AGAINST EVERYONE ENGAGING THE MUNICIPAL POLICY AND CUSTOM. THIS HOLDS TRUE BECAUSE OF THE SAME PRINCIPLES OF GRAVEL; THAT IT IS LITERALLY IMPOSSIBLE FOR MARLIN GUSMAN TO PERFORM HIS STATUTORY AND CONSTITUTIONAL, "DAY-TO-DAY" OPERATIONS; REQUIRED THUS HE MUST ASSIGN TASKS AND THOSE PERSON'S APPOINTED REPRESENT HIS "ALTER EGO" Id AT 616-617, 92 S.Ct AT 2622-2623.

SINCE MARK TERRAL AND SAMUEL GORE ARE ASSIGNED TO MINISTRATIVE FUNCTIONS, ENSURING PROPER ACCESS TO COURT AND ADEQUATE MEDICAL CARE, IN THOSE OFFICAL DUTIES THEY REPRESENT THE ALTER EGO ENTITY - MARLIN GUSMAN. THESE PARTIES ARE CONSTITUTIONALLY OBLIGATED BY BOUNDS V. SMITH, 430 US 817, 97 S.Ct 1491, 52 L.Ed 2d 72 (1979), AND ESTELLE V. GAMBLE, 429 US 97, 104 S.Ct 3587, 82 L.Ed 2d 885 (1976)

7.

THE DEFENDANTS OBJECTION, IF GRANTED, WOULD HAVE THE EFFECT OF GRANTING AND INSULATING ABSOLUTE IMMUNITY TO THESE PEOPLE A RESULT REJECTED BY HARLOW V. FITZGERLD.

FOR THE FORGOING REASONS THE DEFENDANTS EXCEPTION BY OBJECTION SHOULD BE REJECTED AND THE MOTION TO COMPEL GRANTED.

DATED 09/16/09

RESPECTFULLY

DAVID JACOBSON

8.

DAVID JACOBSON
3000 PERDIDO
NEW ORLEANS, LA 70119

LEGAL MAIL

NO 09-3695

CLERK OF COURT
UNITED STATES DISTRICT COURT
500 POYDRAS
NEW ORLEANS, LA 70130

$00.61
SEP 18 2009
MAILED FROM ZIPCODE 70119