# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID JACOBSON | CIVIL ACTION |
| VERSUS | NO. 09-3695 |
| MARLIN GUSMAN, ET AL. | SECTION: "B"(1) |

## ORDER

Plaintiff has filed a number of motions. Those motions, Rec. Docs. 23, 24, 26, 27, and 29, are hereby **DENIED** for the following reasons.

First, plaintiff has filed a document entitled "Motion for Joinder of Parties." Rec. Doc. 23. Despite the document's title, plaintiff is in fact seeking leave to amend the complaint to add as defendants Mark Terral, Samuel Gore, Major Spinney, J. Tyler, and Brenda Hatfield. Because plaintiff has previously amended the complaint, Rec. Doc. 4, any further amendments require leave of court. Fed.R.Civ.P. 15(a). In ruling on a motion for leave to amend, the Court may consider, *inter alia*, the futility of the proposed amendments. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Here, it would be futile to allow the proposed amendments for the following reasons.

The United States Supreme Court recently held:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations, quotation marks, and brackets omitted).

In the instant motion, plaintiff has simply listed the names of the proposed new defendants but he makes no allegations against them. Because the proposed amendments fail to comply with the pleading requirements to state a claim upon which relief can be granted, it would be futile to allow them. Accordingly, plaintiff's motion is **DENIED**.

Plaintiff has also filed a "Motion to Compel Discovery." Rec. Doc. 24. In that motion, plaintiff complains that Mark Terral and Samuel Jones have not responded to discovery requests. However, defense counsel has correctly responded that Terral and Gore are not parties to this action and that discovery may not be directed to non-parties. Rec. Doc. 25. Accordingly, plaintiff's motion is **DENIED**.

Next, plaintiff has filed a "Motion for Preliminary Hearing Injunction," Rec. Doc. 26, which Sheriff Gusman has opposed, Rec. Doc. 28. Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the

preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. The Court finds that plaintiff has failed to make a clear showing on any of the four required criteria for a preliminary injunction. Moreover, the relief plaintiff seeks is an order requiring his transfer to another facility.[1] However, "[t]he Court has no authority to issue such an order. Placement of state prisoners is a matter left to the discretion of state officials." George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007). Accordingly, plaintiff's motion for a preliminary injunction is **DENIED**.

The Court notes that a "Motion for Intervention," Rec. Doc. 27, has also been filed in the case. That motion was prepared and signed by plaintiff. It was also signed by Jermaine Milton, Oliver Hebard, Don Cook, Darryl Thomas, Rodney Rogers, Wesley Myers, Corey Martin, and Robert Monroe, who ask to join as plaintiffs in this matter. That motion is **DENIED**. The motion is nothing more than an attempt to circumvent the Court's prior order denying permission to pursue

---

[1] Rec. Doc. 26, p. 14.

this matter as a class action. Rec. Doc. 16. If the other prisoners wish to pursue their own lawsuits, they must file them separately and either pay the required fees or establish that they are entitled to proceed as paupers.

Lastly, plaintiff has filed a document entitled "Plaintiff's Motion to Supplement Amended Complaint Join Parties." Rec. Doc. 29. As previously noted, plaintiff may not amend the complaint without leave of court. For the following reasons, plaintiff's motion is **DENIED**.

In the motion, plaintiff first seeks to amend his complaint to add as defendants the Louisiana Department of Public Safety and Corrections, James LeBlanc, and the Louisiana Department of Health and Hospitals.

As to the Louisiana Department of Public Safety and Corrections and the Louisiana Department of Health and Hospitals, it would be futile to add those entities as defendants because they are both state agencies. As such, they are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Dep't of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003). Moreover, in any event, claims against Louisiana state agencies are barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief

unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).

Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); see also Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); Johnson v. Easley, Civ. Action No. 01-3325, 2003 WL 203103, at *2-3 (E.D. La. Jan. 29, 2003).

As to James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, plaintiff indicates that he wishes to sue LeBlanc in his official capacity for declaratory and injunctive relief. However, plaintiff has not stated a claim against LeBlanc. To state a claim upon which relief can be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted). Plaintiff has stated no such claim against LeBlanc. Plaintiff is not in the actual physical custody of LeBlanc or the Louisiana Department Safety and Corrections and, therefore, LeBlanc is not an appropriate defendant.[2]

The Court also notes that attached to Rec. Doc. 29 is another document entitled "Supplemental Facts to Amended Complaint." It appears that document may have been intended as a separate motion for leave to amend the complaint. If that is what was intended, that motion is likewise **DENIED**. In that document, plaintiff sets forth in sixty-two paragraphs new events which

---

[2] The Court notes that the proposed amendment appears to be a veiled to attempt to force LeBlanc to transfer plaintiff from the Orleans Parish Prison system to a different facility now that he is a state inmate. If so, it must be noted that a prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Clark v. Foti, No. 94-30615, 1995 WL 136127, at *1 (5th Cir. Mar. 8, 1995); see also Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Moreover, Louisiana law does not afford a state prisoner a right to be confined in a particular prison or even a state prison. Rather, state law provides: "[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. § 15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. § 15:824(B)(1)(a). Hymel v. Champagne, Civ. Action No. 07-450, 2007 WL 1030207, at *2 n.3 (E.D. La. Mar. 28, 2007).

have allegedly occurred since he filed the complaint.³ Justice does not require that plaintiff be allowed to continually amend his complaint to add new claims as they occur to him. Accordingly, leave will not be granted to amend the complaint to add claims which are unrelated to the original claims and which arose after the complaint was filed. If plaintiff wishes to pursue such additional claims, he may file a new lawsuit asserting those claims **after** he has exhausted his administrative remedies as required by federal law.

    New Orleans, Louisiana, this twenty-seventh day of October, 2009.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

³ The Court notes that plaintiff's original amended complaint listed one hundred eighty-eight paragraphs providing a litany of unrelated claims with which the Court is already dealing.